THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TIMOTHY V. JOHNSON, Defendant-Appellant.

Fifth District No. 5—90—0439

Opinion filed October 10, 1991.

Daniel M. Kirwan and Lawrence J. O'Neill, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Darrell Williamson, State's Attorney, of Chester (Kenneth R. Boyle, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant was convicted of unlawful possession of a weapon in a penal institution (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1(b)) and sentenced to 12 years in prison. He appeals on three grounds: (1) the circuit court erred by not requiring a defense witness who had invoked his fifth amendment right against self-incrimination to testify; (2) the circuit court erred by admitting hearsay testimony; and (3) the circuit court abused its discretion in sentencing defendant to 12 years in prison. We affirm.

At trial, corrections officers testified that defendant broke from a line of prisoners who were about to be searched and that before he could be seized, he threw an object over the prison fence. The object was a homemade knife. Defendant's theory at trial was mistaken identity. He called his cellmate to the stand.

His cellmate testified that defendant was confined to his cell when the incident occurred, but when counsel asked defendant's cellmate if corrections officers had stopped him in the yard and accused him of throwing the knife over the fence, he refused to answer. Counsel asked the court to instruct the witness to answer, but the court did not; instead, it advised the witness of his right to refuse. Defendant's counsel asked again, "Knowing your rights, will you answer the question?" The witness refused. In response to further questioning, the witness admitted to being in the line that was about to be searched and admitted to leaving the line, but when asked if he was approached by two officers in the yard, he again refused to answer. Counsel asked the court to instruct the witness to answer. The court so instructed, and the witness testified that he "saw" the officers. Then defendant's counsel asked, "And do you remember being accused of having possession of a weapon?" The witness refused to answer. Counsel then stated he had no further questions for the witness.

On appeal, defendant alleges that it was error not to instruct the witness to answer. We disagree.

■ The fifth amendment guarantees that "[n]o person *** shall be compelled in any criminal case to be a witness against himself" (U.S. Const., amend. V), and that guarantee applies not only to answers that themselves would support a conviction, but any answer that would furnish a link in the chain of evidence needed for prosecution. (*Hoffman v. United States* (1951), 341 U.S. 479, 95 L. Ed. 1118, 71 S. Ct. 814.) Here, had the witness answered the question, his answer may very well have served the dual purpose of securing his cellmate's acquittal while ensuring his own indictment. Therefore, the circuit court was correct in refusing to direct the witness to answer.

■ Defendant maintains secondly that the circuit court erred by permitting hearsay testimony into evidence. In rebuttal, the State called an officer who testified that if a prisoner had been confined to his cell, his name would appear on the temporary confinement log for that day. He testified that defendant's name did not appear on the log the day of the incident. Defendant claims that this testimony was hearsay and should not have been admitted into evidence. Defendant, however, did not object to this testimony; therefore, the issue is waived. *E & E Hauling, Inc. v. Pollution Control Board* (1985), 107 Ill. 2d 33, 481 N.E.2d 664.

Defendant argues that the issue is not waived because counsel objected to the officer's testimony during redirect and that that objection should be viewed broadly to encompass the hearsay admitted during direct examination. We disagree.

The record shows that defendant did not make a hearsay objection; rather, he objected on grounds that it called for a conclusion. It is well settled that to preserve an issue for appeal, counsel must state specific grounds for objection and that other grounds not stated are waived. (*Akers v. Atchison, Topeka & Santa Fe Ry. Co.* (1989), 187 Ill. App. 3d 950, 543 N.E.2d 939.) Although defendant's objection was specific, it was not a hearsay objection. The issue is, therefore, waived.

■ Defendant claims in the alternative that failure to make a hearsay objection amounted to ineffective assistance of counsel. Ineffective assistance occurs when counsel's performance is deficient and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.) To determine if counsel's performance was deficient, we first address whether the testimony was hear-

say. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. (*People v. Lawler* (1991), 142 Ill. 2d 548, 568 N.E.2d 895.) The State's witness testified that if a prisoner was temporarily confined, his name would appear on the temporary confinement log for that day and on the day of the incident, defendant's name did not appear on the log. Testimony that defendant's name was not on the confinement log was hearsay because it was an out-of-court statement offered to prove the truth of the matter asserted, namely, that defendant was not in his cell. (See generally *People v. Daniel* (1989), 191 Ill. App. 3d 837, 548 N.E.2d 354.) We pause to note, however, that had the State laid the proper foundation, *i.e.*, asked the witness if the log was made in the regular course of business and if it was the regular course of business to make such a log, the log or testimony about the log may have been admitted under the business record exception to the hearsay rule. (Ill. Rev. Stat. 1989, ch. 38, par. 115—5.) Nevertheless, no foundation was laid, and counsel's failure to recognize the testimony as hearsay and his failure to object to its admission was deficient. Despite defense counsel's performance, however, we believe the outcome of the trial would have been no different. Five officers testified that they saw defendant throw an object over the fence. Though some of the officers only witnessed defendant's conduct for part of the time, one officer watched his movement the entire time, and his story is corroborated by the others in every detail. For this reason, we believe counsel's performance would not have changed the outcome of the case.

 Lastly, defendant claims that his 12-year prison sentence was excessive. The circuit court is given broad discretion in imposing a sentence. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) The court reasoned that the 12-year prison term was warranted because defendant had been caught with a weapon once before and was serving a sentence for armed violence and conspiracy to commit murder. Noting these factors and the problem of violence in prison, the circuit court believed a 12-year prison sentence was necessary to deter defendant and others from similar offenses. We find no abuse of discretion. The circuit court is affirmed.

Affirmed.

HARRISON and CHAPMAN, JJ., concur.